IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| SAMANTHA PINARD individually and on behalf of all persons similarly situated, | File No.  4:17-cv-434 |
| Plaintiff, | **COMPLAINT AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| NURSE FORCE, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

COMES NOW, Plaintiff Samantha Pinard ("Pinard"), by and through the undersigned counsel, individually and on behalf of all persons similarly situated, and files this Complaint and Collective Action Complaint against Defendant Nurse Force, Inc., seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

### PARTIES, JURISDICTION, VENUE

1.      Plaintiff Samantha Pinard is an individual residing in Osceola, Clarke County, Iowa.

2.      Nurse Force, Inc. is an Iowa corporation and at all times material hereto, had its principal place of business in West Des Moines, Polk County, Iowa.

3.      Jurisdiction over Plaintiff's FLSA claim is proper under 29. U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction under 28 U.S.C. § 1368 over Plaintiff's state law claim because this claim derives from a common nucleus of operative facts.

5.      Venue is proper pursuant to 28 U.S.C. § 203(r)(1).

## CLASS DEFINITION

6.     Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following opt-in litigants (the "FLSA Class" or "Class"):

> All Physical, Occupational, and Speech Therapists; Registered Nurses; Licensed Practical Nurses; Certified Nursing Assistants; Home Health Aides; Live-In Aides; and Companions employed by Nurse Force, Inc. from December 12, 2014 to the present that have performed at least one client "visit" in the same workweek that her/his total corrected work hours were in excess of forty (40) hours.

7.     Plaintiff reserves the right to redefine the Class prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b).

## FACTS

8.     Established in 1987, Nurse Force, Inc. ("NFI") is a home health care agency that specializes in providing private duty nursing services throughout Des Moines, Iowa and the surrounding areas.

9.     NFI employs an office staff of 12 and a field staff of approximately 150 Registered Nurses, Licensed Practical Nurses, Certified Nursing Assistants, Home Health Aides, Live-In Aides, Companions, and the services of Physical, Occupational, and Speech Therapists.

10.     NFI is a certified provider of Medicare and various Medicaid waiver programs.

11.     Between approximately February 2015 and September 2016, Plaintiff Pinard was employed by NFI as a Licensed Practical Nurse.

12.     Pinard was paid on an hourly basis.

13.     The FLSA Class was/is paid on an hourly basis.

14.     Pinard regularly worked eight- and twelve-hour shifts for NFI's in-home clients.

15.    The FLSA Class regularly worked/works eight- and twelve-hour shifts for NFI's in-home clients.

16.    Pinard regularly worked in excess of forty (40) hours per week.

17.    The FLSA Class regularly worked/works in excess of forty (40) hours per week.

18.    In addition to these regular shifts, Pinard regularly performed "visits" for NFI's in-home clients.

19.    The FLSA Class regularly performed/performs "visits" for NFI's in-home clients.

20.    Pinard regularly performed client "visits" in the same workweeks wherein she worked in excess of forty (40) hours.

21.    The FLSA Class regularly performed/performs client "visits" in the same workweeks wherein the Class members worked/work in excess of forty (40) hours.

22.    Client "visits" typically last two hours.

23.    Every two weeks NFI issues paystubs to its employees with five columns of information descending by the date of work and from left to right provide the: date of work ("Date"), name of client ("Client/type"), hourly rate ("Rate"), numbers of hours worked or if a visit was made ("Hrs/Vis"), and total amount of compensation ("Amount").

24.    For example, an employee that works on January 1 for eight hours at $20/hour for NFI client John Doe would have the following line on her paystub:

| Date | Client/type | Rate | Hrs/Vis | Amount |
|------|-------------|------|---------|--------|
| 1/1 | J. DOE | $20.00 | 8 | $160.00 |

25.    If the employee performed a two-hour "visit" for John Doe on this date, however, her paystub would include the following pay information:

3

| Date | Client/type | Rate | Hrs/Vis | Amount |
|------|------------|------|---------|--------|
| 1/1 | J. DOE | $40.00 | 1 | $40.00 |

26.     NFI logs client "visits" with a "1" in the Hours/Visits column of its payroll system rather than the number of hours worked and changes the rate of pay to reflect the amount of compensation commensurate with the time an employee spends at the visit.

27.     So, for an employee that works one visit and one eight-hour shift each day for five days within a single workweek, her paystub would provide the following information:

| Date | Client/type | Rate | Hrs/Vis | Amount |
|------|------------|------|---------|--------|
| 1/1 | J. DOE | $40.00 | 1 | $40.00 |
| 1/1 | J. DOE | $20.00 | 8 | $160.00 |
| 1/2 | J. SMITH | $40.00 | 1 | $40.00 |
| 1/2 | J. SMITH | $20.00 | 8 | $160.00 |
| 1/3 | M. MOUSE | $40.00 | 1 | $40.00 |
| 1/3 | M. MOUSE | $20.00 | 8 | $160.00 |
| 1/4 | D. DUCK | $40.00 | 1 | $40.00 |
| 1/4 | D. DUCK | $20.00 | 8 | $160.00 |
| 1/5 | B. BUNNY | $40.00 | 1 | $40.00 |
| 1/5 | B. BUNNY | $20.00 | 8 | $160.00 |

28.    Problematically, based on this paystub information, NFI's payroll system would calculate only 45 total hours of work (8+1, 8+1, 8+1, 8+1, 8+1), resulting in only 5 hours of overtime pay even though 50 hours of work was performed, thus unlawfully depriving this employee an additional 5 hours of overtime pay that she deserves.

29.    Consequently, because of NFI's errant system-wide overtime payroll policy, Pinard and the FLSA Class members have been unlawfully deprived of overtime wages during the previous 36-month statutory period.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

30.    Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

31.    Plaintiff desires to pursue her FLSA claim on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

32.    Specifically, NFI failed to accurately calculate the amount of overtime owed to the FLSA Class members and a result thereof, failed to accurately pay Plaintiff and the FLSA Class the correct amount of overtime wages.

33.    The similarly situated employees are known to the Defendant, are readily identifiable, and can be easily located through Defendant's business and human resources records.

34.    These similarly situated FLSA Class members may be notified of this action through U.S. mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under FLSA.

## COUNT I- Violation of FLSA Overtime Provisions
### (On behalf of Plaintiff and the FLSA Class)

35.    All previous paragraphs are incorporated as though fully set forth herein.

36.     The FLSA requires that covered employees be compensated overtime pay for all hours worked over forty (40) hours in a workweek at no less than one and a half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207.

37.     The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to the employee," 29 U.S.C. 203(d). The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

38.     NFI is subject to the wage requirements of the FLSA because it is an "employer" under 29 U.S.C. §§ 203(d) and (s) because it has an annual gross sales or business of at least $500,000, is engaged in interstate commerce, and is primarily engaged in the care of the sick or the aged.

39.     At all relevant times, Plaintiff and the FLSA Class are entitled to be paid overtime for all hours worked over forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

40.     NFI maintains accurate records of all hours that Plaintiff and the FLSA Class worked each workday and the total number of hours worked each workweek as required by FLSA. *See* 29 C.F.R. §§ 516.2(a)(7); 516.5(a).

41.     In violating the FLSA, NFI acted willfully and with a reckless disregard of clearly applicable FLSA provisions.

42.     Pursuant to 29 U.S.C. § 216(b), NFI is liable to the Plaintiff and the FLSA Class for unpaid overtime wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid overtime wages.

## COUNT II- Unjust Enrichment Under Iowa Law
### (On behalf of Plaintiff and FLSA Class)

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     Defendant has received and benefited from the uncompensated labor of Plaintiff and the Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

45.     At all relevant times hereto, Defendant implemented a system-wide payroll policy that did not accurately pay overtime to Pinard and the FLSA Class members.

46.     By securing work of the Plaintiff and the Class without paying all overtime wages as required by law, Defendant enjoyed reduced labor costs and realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Class.

47.     It is inequitable for Defendant to retain the benefit of Plaintiff's and the Class's services without paying them wages for all hours worked as required by law.

48.     Plaintiff and the Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a.      An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

c.      Injunctive relief requiring Defendant to comply with all applicable federal laws and cease their illegal practice;

7

d.    A judgment in favor of Plaintiff and Class members for all penalties and liquidated damages allowed by law;

e.    An award of pre-judgment and post-judgment interest to Plaintiff and Class Members;

f.    An award of attorneys' fees and costs as provided by law; and

g.    Any other relief to which the Plaintiff and Class Members may be entitled.

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By: /s/ *Michael D. Currie*
       Michael D. Currie  AT0012256
       Mark W. Thomas AT0007832

500 E. Court Avenue, Suite 200
Des Moines, IA 50309
Phone: 515/245-4300
Fax: 515/245-4452
mcurrie@grefesidney.com
mthomas@grefesidney.com

ATTORNEY FOR PLAINTIFF
SAMANTHA PINARD